**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FIBERLIGHT, LLC,<br>11700 Great Oaks Way, Suite 100<br>Alpharetta, Georgia 30022<br><br>      Plaintiff,<br><br>      v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br>600 Fifth Street, NW<br>Washington, D.C. 20001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 1:16-cv-02248<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, FiberLight, LLC, ("FiberLight" or "Plaintiff"), by its undersigned counsel, and for its Complaint against the Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") (collectively, "Parties"), states as follows:

## PARTIES

1. Plaintiff FiberLight is a Delaware limited liability company with its principal place of business in Alpharetta, Georgia. FiberLight constructs, owns, and operates fiber optic facilities for sale or lease to government and commercial carrier customers in the Washington, D.C. metropolitan area. This dispute relates to fiber optic cables ("FOC") that FiberLight owns and operates inside the WMATA Metrorail tunnels and otherwise in and around the WMATA transportation corridors ("WMATA System").

2. FiberLight has been certificated as a facilities-based telecommunications provider in the District of Columbia since September 16, 2005. *Application of FiberLight, LLC to Provide Local Telecommunications Services in the District of Columbia*, Formal Case No. TA

05-9, Order No. 13761 (Sept. 16, 2005).  The D.C. Public Service Commission found that FiberLight, "has demonstrated that it has the experience and financial resources to provide telecommunications services in the District ....".  *Id.*

3. FiberLight's FOC carries sensitive government and commercial telecommunications traffic.

4. Defendant WMATA is a District of Columbia, Maryland, and Virginia Transit Partnership.  WMATA is a publicly funded Metrorail service operated and managed as a for-profit entity.  WMATA manages Metrorail tunnels and tracks in and around the District of Columbia, Northern Virginia, and Maryland, and WMATA's rights to license or lease that property located are at the center of this controversy.

## JURISDICTION AND VENUE

5. This is a suit, *inter alia*, for declaratory judgment pursuant to the Federal Declaratory Judgment Act.  28 U.S.C. § 2201, *et seq.*

6. This Court has subject-matter jurisdiction to hear this matter under 28 U.S.C. § 1331 because this is a civil action arising under a federal statute.

7. This Court has personal jurisdiction over WMATA because it regularly transacts and conducts business in this District, owns and/or manages property in this District, and has its principal place of business in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred and are occurring in the District.

**BACKGROUND**

9. This is a suit pursuant to the Federal Declaratory Judgment Act to declare the rights and obligations of the Parties, including but not limited to their rights and obligations pursuant to a contract.  28 U.S.C. § 2201, *et seq.*  This declaratory judgment action requests that the Court declare the rights and obligations of FiberLight and WMATA—in connection with WMATA's right to license, for significant annual fees, the use of certain real property in and around WMATA's System.

10. This action also requests that the Court declare that WMATA must continue to provide FiberLight access to its FOC and not take possession of, damage, or remove any or all of the FOC owned by FiberLight, a certificated public utility, from the public rights-of-way in the WMATA System.

**FACTS**

11. Pursuant to D.C. Code § 34-2004(a), FiberLight, as a certificated telecommunications carrier, has a right to utilize the public rights-of-way.[1]

12. FiberLight's FOC occupies Washington, D.C.'s public rights-of-way.

13. On or about October 23, 2006, FiberLight and WMATA entered into a License Agreement attached hereto as **Exhibit A** ("License Agreement").

14. The License Agreement is valid binding contract between the Parties.

15. The License Agreement defines the WMATA ROW as "WMATA's surface transportation corridors and underground tunnels."  *Id.* at 3.

16. The License Agreement defines the WMATA System as "WMATA Conduits, Metrorail Stations, and the WMATA ROW."  *Id.*

---

[1] "Any telecommunications provider in the District shall have the right to utilize the public right-of-ways of the District for installation, maintenance, repair, replacement, and operation of its telecommunications system…". D.C. Code § 34-2004(a).

17. In exchange for payment from FiberLight, the License Agreement provides that WMATA will lease conduit rights in the WMATA System to FiberLight for its FOC.

18. Article 14.1 of the License Agreement provides: "WMATA hereby represents that it has the power and authority to own and operate the WMATA System, and to lease conduit rights in the WMATA ROW to FIBERLIGHT for the operation and maintenance of the FIBERLIGHT System…".

19. In 2014, FiberLight became aware that WMATA made a false material representation in the License Agreement.

20. WMATA falsely represented in Article 14.1 that it had a right "… to lease conduit rights in the WMATA ROW to FIBERLIGHT for the operation and maintenance of the FIBERLIGHT System and to perform the obligations required of WMATA under this License Agreement."

21. Despite repeated requests from FiberLight, WMATA has never demonstrated, by deed or other evidence of title, that it owns and has a right to lease the real property in the rights-of-way occupied by FiberLight.

22. WMATA's representation in Article 14.1 of the License Agreement that it has the power and authority to lease conduit rights in the WMATA ROW to FiberLight for the operation and maintenance of the FiberLight System is materially untrue.

23. Article 20 of the License Agreement concerns Events of Default. Article 20.1(c) of the License Agreement provides that an event of default is: "the failure of either party to perform or observe any material convent to be performed or observed by it pursuant to the License Agreement hereunder."

24. WMATA is in default because it failed to perform and observe the material convent under Article 14.1 and also failed to perform its obligations under Article 21.1.

25. Article 21.1 of the License Agreement provides: "In addition to all other remedies contained herein, WMATA and FIBERLIGHT agree that if any representation made in this License Agreement is untrue in any material respect when made and the non-defaulting party elects not to terminate this License Agreement, *the parties shall negotiate in good faith* an equitable adjustment to the payment terms with the intention of reasonably compensating the other party for any damages it may have sustained as a result of such representation being untrue when made." (emphasis added).

26. In addition, Article 27.4 of the License Agreement provides: "In the event of any such claim or dispute, *the parties shall negotiate in good faith* to resolve the claim or dispute…" (emphasis added).

27. On August 30, 2016, FiberLight requested good faith negotiations from WMATA.

28. On September 14, 2016, the Parties met and FiberLight again requested good faith negotiations. At this meeting, WMATA advised it would provide FiberLight written evidence to substantiate its Article 14.1 representations.

29. WMATA never provided the written response it committed to provide and never provided any evidence to substantiate its Article 14.1 representations.

30. On October 14, 2016, WMATA warned FiberLight that within fifteen (15) days, it would "… advise FiberLight of WMATA's election to accept ownership of the FiberLight System, or have it removed."

31. On October 25, 2016, FiberLight advised WMATA that, pursuant to Article 27.5 of the License Agreement, it was invoking its right to litigation to resolve this dispute.

32. Also on October 25, 2016, pursuant to Article 27.4 of the License Agreement, FiberLight recommended to WMATA that the parties engage in voluntary ADR and mediation to resolve this dispute.

33. WMATA refused voluntary ADR and mediation.

34. On November 2, 2016, WMATA, without citation to any authority in the License Agreement, advised FiberLight that "… WMATA has the contractual right to [interrupt FiberLight's service] in the event FiberLight fails to promptly provide its proposed orderly termination plan."

35. FiberLight has met all conditions precedent in the License Agreement to filing suit.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment against WMATA pursuant to**
**28 U.S.C. § 2201** *et seq*. **and Request for Implementing Injunction**)

36. FiberLight repeats and realleges each and every allegation contained the previous paragraphs of this Complaint as if fully set forth herein.

37. There is currently a dispute between WMATA and FiberLight as to: (1) whether WMATA has the right to charge FiberLight annual license fees for FiberLight's FOC in the public rights-of-way; (2) whether FiberLight has an independent statutory authority to continue to access its FOC; (3) whether FiberLight has an independent statutory authority to operate in the public rights-of-way; and (4) whether WMATA may take ownership and possession of the FOC or remove it from the WMATA System.

38. An actual and immediate controversy exists because WMATA has threatened to take ownership and possession of the FOC or remove it from the WMATA System.

39. An actual and immediate controversy exists because FiberLight needs to be able to continue to access its FOC within the public rights-of-way to maintain and operate its system, and for emergency purposes as it is entitled as a certificated facilities-based telecommunications provider.

40. An immediate determination of this controversy will relieve the Parties from the uncertainty and insecurity that now exists.

41. Specifically, FiberLight requests a declaration that: (1) WMATA cannot charge FiberLight an annual license fee for FiberLight's FOC in the public rights-of-way; (2) FiberLight has independent statutory authority to access its FOC; (3) FiberLight has independent statutory authority to operate and expand its network in the public rights-of-way; and (4) WMATA cannot take ownership and possession of FiberLight's FOC or remove it from the WMATA System.

42. FiberLight seeks an implementing preliminary injunction effectuating the foregoing declarations because on October 14 and October 25, 2016, WMATA threatened to take ownership, remove, and interrupt FiberLight's live network service carrying sensitive government and commercial telecommunications traffic.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – the License Agreement)

43. FiberLight repeats and realleges each and every allegation contained the previous paragraphs of this Complaint as if fully set forth herein.

44. The License Agreement is a valid binding contract between FiberLight and WMATA.

45. WMATA's representation in Article 14.1 of the License Agreement that it has the power and authority to lease conduit rights in the WMATA ROW to FiberLight for the operation and maintenance of the FiberLight Agreement is materially untrue.

46. Article 20.1(c) of the License Agreement provides that an event of default is: "the failure of either party to perform or observe any material convent to be performed or observed by it pursuant to the License Agreement hereunder."

47. WMATA is in default because it failed to perform and observe the material covenant under Article 14.1 and perform pursuant to Articles 21 and 27.4.

48. Article 21 of the License Agreement provides: "In addition to all other remedies contained herein, WMATA and FIBERLIGHT agree that if any representation made in this License Agreement is untrue in any material respect when made and the non-defaulting party elects not to terminate this License Agreement, the parties shall negotiate in good faith an equitable adjustment to the payment terms with the intention of reasonably compensating the other party for any damages it may have sustained as a result of such representation being untrue when made."

49. Article 27.4 of the License Agreement provides: "In the event of any such claim or dispute, the parties shall negotiate in good faith to resolve the claim or dispute…".

50. WMATA breached the License Agreement when it made a false material representation under Article 14.1 that it had the right "… to lease conduit rights in the WMATA ROW to FIBERLIGHT for the operation and maintenance of the FIBERLIGHT System…".

51. WMATA breached the License Agreement when it failed to substantiate its Article 14.1 representations.

52. WMATA breached the License Agreement when it failed to negotiate in good faith an equitable adjustment to the payment terms of the License Agreement after it was advised of its materially untrue statement.

53. Having refused to substantiate its right to lease conduit to FiberLight under Article 14.1, WMATA failed to negotiate in good faith because it refused to offer, or to accept FiberLight's offer, of an equitable adjustment to the payment terms of the License Agreement to compensate FiberLight for the damages it sustained.

54. As a direct and proximate result of WMATA's breach of the License Agreement, FiberLight has suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, FiberLight respectfully requests that this Court enter judgment against WMATA as follows:

a) WMATA cannot charge FiberLight an annual license fee for FiberLight's FOC in the public rights-of-way and issuing an implementing injunction effectuating the foregoing;

b) FiberLight has independent statutory authority to access its FOC and issuing an implementing injunction effectuating the foregoing;

c) FiberLight has independent statutory authority to operate and expand its network in the public rights-of-way and issuing an implementing injunction effectuating the foregoing;

d) WMATA cannot take ownership and possession of FiberLight's FOC or remove it from the WMATA System and issuing an implementing injunction effectuating the foregoing;

e) FiberLight does not owe WMATA further payment under the License Agreement and issuing an implementing injunction effectuating the foregoing;

...

  f)  finding that WMATA never had a right to charge FiberLight under the License Agreement and requiring repayment to FiberLight of all amounts paid to WMATA under the License Agreement;

  g)  awarding costs, interest, and attorneys' fees; and

  h)  awarding such other and further relief as this Court deems just and proper.

Dated:  November 11, 2016    Respectfully submitted,

**ECKERT SEAMANS**
**CHERIN & MELLOTT, LLC**

  */s/ James C. Falvey*
James C. Falvey, Esq. (D.C. Bar No. 43195)
Charles A. Zdebski, Esq. (D.C. Bar No. 13840)
Jeffrey P. Brundage, Esq. (D.C. Bar No. 1002117)
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, D.C.  20006
Tel:  202-659-6655
Fax:  202-659-6699
Email:  jfalvey@eckertseamans.com
   czdebski@eckertseamans.com
   jbrundage@eckertseamans.com
*Attorneys for Plaintiff, FiberLight, LLC*