UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIBERLIGHT, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>            Defendant. | Civil Action No. 16-02248 (ESH) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH

### INTRODUCTION

Former District of Columbia District Department of Transportation (DDOT) Director Leif Dormsjo moves to quash the third-party subpoena served on September 27, 2017, ordering Mr. Dormsjo to appear for deposition, with documents, on October 4, 2017. The motion should be granted because Mr. Dormsjo is no longer the Director of DDOT and he has limited personal knowledge about the information sought by FiberLight. Mr. Dormsjo also does not have access to DDOT's documents, and thus cannot produce the documents sought in the subpoena. If FiberLight wants the requested documents and information, the appropriate individual is Matthew Marcou, the Associate Director for the Public Space Regulations Division at DDOT. The District will make Mr. Marcou available for deposition on a mutually agreeable date, and it proposed the substitution to

FiberLight on September 22, 2017. FiberLight refused. Mr. Dormsjo requests this Court quash the subpoena his for appearance at a deposition on October 4, 2017.

## ARGUMENT

### I. Background

This is a contract dispute between FiberLight, LLC, and the Washington Metropolitan Area Transit Authority (WMATA). The crux of the dispute is whether WMATA's tunnels, where FiberLight operates cables, are owned by WMATA. *See* Compl. ¶¶ 1, 9–10 [1]; Hr'g Trans. 5:21–25 (Sept. 26, 2017). The District of Columbia (District), DDOT, and Mr. Dormsjo are not parties.

On July 27, 2017, Mr. Dormsjo provided a brief, seven paragraph declaration for this litigation. Ex. 1, attached. Only the final two paragraphs of his declaration—a total of three sentences—address DDOT's control and authority over the WMATA tunnels. *See id*. Mr. Dormsjo resigned as DDOT Director on August 11, 2017.

On September 22, 2017, FiberLight obtained a third-party subpoena ordering Mr. Dormsjo to appear for a deposition on October 4, 2017. FiberLight's subpoena includes six topics of inquiry and seeks a large number of documents. *See* Ex. 2 Attachment A, attached. Mr. Dormsjo was served with the subpoena on September 27, 2017. However, the subpoena did not include payment of a witness fee.

Counsel for the District and Mr. Dormsjo contacted FiberLight's counsel via telephone, and followed up by email, to inform FiberLight that Mr. Dormsjo is no longer the Director of DDOT and is not the appropriate witness for the deposition.

Counsel for the District and Mr. Dormsjo also informed FiberLight's counsel that Mr. Marcou, as Associate Director for the Public Space Regulations Division, has substantially more technical knowledge on the topics sought in the subpoena, including the licensing and permitting issues of the WMATA tunnels. In contrast, Mr. Dormsjo's knowledge is limited. Counsel for the District and Mr. Dormsjo offered to substitute Mr. Marcou, at a mutually agreeable date, for Mr. Dormsjo. Counsel for plaintiff refused.

## II.   Standard of Review

Federal Rule of Civil Procedure 45 authorizes court-issued subpoenas for discovery from third parties. Third-party depositions constitute "discovery" within the meaning of Federal Rules of Civil Procedure 26, and therefore may be limited or restricted by the Court. "The Court's broad discretion includes imposing reasonable limitations on discovery, particularly where, as here, the Court has a duty to prevent undue burden, harassment, and expense of third parties." *Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34, 36–37 (D.C. Cir. 2011) (citing *In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010) (the "undue burden" test also requires the court to be "generally sensitive to the costs imposed on third-parties")).

## III.  This Court Should Quash the Subpoena Because it Will Create an Undue Burden on Mr. Dormsjo Without Materially Aiding FiberLight in the Discovery of Relevant Information.

The balance between the burden to Mr. Dormsjo to attend the deposition and the limited potential relevance of his testimony overwhelmingly favors quashing the subpoena. *See Nu Image, Inc.,* 799 F. Supp. 2d at 36–37. This Court has limited the liability discovery in this matter by providing the Parties with specific and narrowly

3

tailored discovery parameters. *See* Order (Sept. 6, 2017) [35]; Order (Sept. 19, 2017) [43]. The subpoena served upon Mr. Dormsjo, a non-party, runs contrary to this spirit of controlled, relevant discovery.

Mr. Dormsjo was served with the subpoena on September 27, 2017, which orders him to appear on October 4, 2017, and to bring documents responsive to six topics. The subpoena seeks, with only eight-days notice, all documents, of any sort, related to any of the 54 paragraphs of allegations in the Complaint. *See* Ex. 2 Attachment A ¶¶ 1–2, attached.[1] But the documents are in the possession of DDOT, not Mr. Dormsjo. Because he is no longer a District employee, Mr. Dormsjo is not able to provide "[a]ll documents, including but not limited to all files, maps, pictures, and/or communications with Washington Metropolitan Area Transit Authority, including all WMATA employees, contactors or other personnel ("WMATA") in electronic and/or paper format, regarding the allegations in the above-captioned lawsuit," or "[a]ll documents relating to FiberLight, LLC ("FiberLight"), including but not limited to all files, notes, maps, picture and/or communications with FiberLight, in electronic and/or paper format, regarding the allegations in the above-captioned lawsuit"—both of which are included in the list attached to the subpoena. *Id.* ¶¶ 1–2. Similarly, Mr. Dormsjo does not have access to DDOT documents and communications with WMATA regarding the declaration he

---

[1] Even if served upon the appropriate party, the requests are overbroad and lacking in specificity. As a result, the responsive documents are potentially voluminous and would require a search of multiple locations. The one week turnaround contemplated by FiberLight is inadequate and would impose undue burden on any third-party.

4

executed on July 27, 2017. *See id.* ¶¶ 3–4. The documents are in DDOT's possession, custody and control. To obtain discovery regarding DDOT's communications with WMATA or FiberLight, FiberLight will have to subpoena a representative of DDOT.

There are two requests in the subpoena that are specific to Mr. Dormsjo. *See id.*, ¶¶ 5–6. FiberLight seeks "[a]ll documents regarding compensation [he] received from WMATA," *see id.* ¶ 5, and "[a]ll documents regarding any business [he is] currently conducting or [has] conducted with WMATA since [his] departure from [DDOT], *see id.* ¶ 6." But as a WMATA board member Mr. Dormsjo did not receive any compensation. *See* Metro Compact Annotated, Art. III, Sec. 6 (available at https://www.wmata.com/about/board/upload/Compact_Annotated_2009_final.pdf) (WMATA board members serve without compensation). And whether Mr. Dormsjo has conducted business with WMATA since he left DDOT is irrelevant. For the information relevant to this matter, FiberLight can obtain the requested information from DDOT.

Finally, service of the subpoena was improper: FiberLight failed to include payment of a witness fee with service of the subpoena, as required by Federal Rule of Civil Procedure 45(b). The Court should grant Mr. Dormsjo's Motion to Quash.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Quash.

Dated:  September 28, 2017.          Respectfully submitted,

>                                     KARL A. RACINE
>                                     Attorney General for the District of Columbia
>
>                                     ELIZABETH SARAH GERE

Deputy Attorney General
Public Interest Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, Equity Section

*/s/ Amanda J Montee*
AMANDA J. MONTEE [1018326]
Assistant Attorney General
Suite 630 South
441 Fourth Street, N.W.
Washington, D.C.  20001
(202) 724-5691
(202) 741-8934 (fax)
amanda.montee@dc.gov

*Counsel Leif Dormsjo*